| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>KARINA PIA LUCID, ESQ., LLC<br>3640 Valley Road, Suite 2-A<br>PO Box 230<br>Liberty Corner, New Jersey 07938-0230<br>Tel:    (908) 350-7505<br>Email: klucid@karinalucidlaw.com<br>Karina Pia Lucid, Esq.<br>*Counsel for the debtor, David Sadek* |
| In Re:<br><br>DAVID SADEK<br><br><br>Debtor(s). |

Case No.: 11-36743
Chapter 7

# MOTION TO REOPEN PROCEEDINGS, IMPOSE THE AUTOMATIC STAY AND AVOID CERTAIN LIENS

David Sadek (the "Debtor") in the above-referenced bankruptcy case, by and through his undersigned counsel, submits this Motion to Reopen Proceedings, Impose the Automatic Stay and Avoid Certain Liens, and respectfully states as follows. In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are §§ 350(b) and 522(f) of title 11 of the United States Code (the "Bankruptcy Code").

## STATEMENT OF FACTS

4. On September 12, 2011 (the "Petition Date"), the Debtor filed a petition for relief pursuant to chapter 7 of the Bankruptcy Code (the "Petition")[1].

5. On his Petition, the Debtor disclosed ownership in real property known as 100 Old Palisade Road, Unit 3305, Fort Lee, New Jersey (the "Property").

6. The Real Property had a fair, comparative market value of $650,000 see appraisal (the "Appraisal") attached hereto as Exhibit "A" dated February 5, 2019 and was encumbered by a first mortgage in the amount of $692,326.55. The holder of the first mortgage is the Debtor's primary lender, The Bank of New York Mellon (the "Bank of New York") serviced by Shell Point ("Shell Point").

7. In addition, there was also a second mortgage lien held by lender, Ocwen Loan servicing (the "Ocwen") encumbering the Real Property in the amount of $217,872.00 see Ocwen loan statement attached hereto as Exhibit "B".

---

[1] This Court may take judicial notice of all information contained in, and the full contents of, the Debtor's Petition.

8. In addition to the first and second mortgage liens, there was a third lien held by The Palisades at Fort Lee Condominium Association ("The Palisades") encumbering the Real Property in the amount of $29,246.04.

9. No motion to avoid or remove the Liens was filed during the pendency of the Debtor's case.

10. The Debtor received his discharge on or about February 4, 2014 and the Final Decree was entered on March 5, 2014.

11. The Debtor is in the process of obtaining a loan modification of the Real Property. The loan modification cannot go forward while the Real Property is subject to encumbrances beyond the Bank's lien.

12. Accordingly, the Debtor now seeks to re-open the Debtor's case and requests that this court enter an Order Granting the Motion to Reopen, Imposing the Automatic Stay and Avoiding the Liens.

## LEGAL ARGUMENT

**I.      MOTION TO REOPEN THE DEBTOR'S CHAPTER 7 CASE**

13. The Debtor's chapter 7 case should be reopened in order to allow the Debtor to avoid the Judicial Liens.

14. A motion to reopen a closed bankruptcy case is governed by 11 U.S.C. § 350(b) and Fed.R.Bankr.P. 5010. Section 350 of the Bankruptcy Code allows a case to be reopened to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

**II.      MOTION TO IMPOSE AUTOMATIC STAY**

15. The Stay pursuant to 11U.S.C§ 362 is hereby imposed as to all collections activities against debtor or any property of the estate.

**III.      MOTION TO AVOID LIEN ON REAL ESTATE**

15. This Court should enter an order avoiding the two Liens held by Ocwen Loan Servicing and The Palisades encumbering the Debtor's Real Property.

16. 11 U.S.C. § 522(f) provides, in relevant part, as follows:

> (f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523 (a)(5)[.]

\*\*\*\*

(2) (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1)(A) and (2)(A).

17. The existence of the Judicial Liens on Debtor's Real Property impairs exemptions to which the Debtor would be entitled under 11 U.S.C. § 522(b).

18. The Judicial Liens were both pre-petition encumbrances and should have be avoided during the pendency of the Debtor's chapter 7 case.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court enter an Order reopening the Debtor's chapter 7 case, Impose the Automatic Stay and avoid the Liens, such other related relief as this Court may deem appropriate.

KARINA PIA LUCID, ESQ., LLC
*Counsel for the debtor, David Sadek*

/s/    *Karina Pia Lucid*

Dated: April 25, 2019                Karina Pia Lucid