| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **Law Office of Jimmy J. Song, LLC** <br> Attorneys at Law <br> 600 Sylvan Avenue <br> Suite 400 <br> Englewood Cliffs, New Jersey 07632 <br> Tel.: 551.900.3705 <br> Attorneys for Creditor The Palisades Condominium Association, Inc. |

**In re:**

**David Sadek,**

**Debtor.**

Case No: 11-36743-JKS

Chapter 7

Hearing Date: April 30, 2019 at 10:00 a.m.

Judge: Vincent F. Papalia

### OPPOSITION TO DEBTOR'S REQUEST TO AVOID JUDICIAL LIEN TO THE EXTENT DEBTOR SEEKS TO AVOID STATUTORY AND/OR CONSENSUAL LIEN

The Palisades Condo Association, a New Jersey not-for-profit corporation ("Creditor") by and through its undersigned counsel, and pursuant to 11 U.S.C. § 1325, respectfully submits this opposition to DEBTOR'S REQUEST TO AVOID JUDICIAL LIEN TO THE EXTENT DEBTOR SEEKS TO AVOID STATUTORY AND/OR CONSENSUAL LIEN. The Court should deny Debtor's request for the following reasons:

1. The Creditor has a secured interest in real property located at 100 Old Palisade Road, Unit #3305, Fort Lee, NJ 07024. Said interest is based on a two lien claims and two statutory liens on the units pursuant to the New Jersey Condominium Act, N.J.S.A 46:8B-21, Claim recorded in the Office of the Register of the County of Bergen, dated

    March 16, 2015, Book 01885, Page 1245-1247.  See Ex A.

2. Here, to the extent Debtor seeks to avoid the statutory lien and/or consensual lien, this is specifically disallowed because liens filed by condominium association are protected from avoidance.  *Whispering Woods Condominium Association v. Rones*, 15-4271 (D.N.J. Feb. 17, 2016).

3. In *Rones*, the District Court of New Jersey ruled that an association's lien had a limited priority over debtors' mortgage, which made it partially secured by a security interest in debtors' principal residence. Id.

4. The *Rones* debtors argued that the New Jersey Condominium Act only provides protection to six months of the lien, with the remainder eligible to be stripped. Id.

5. The association argued that because of the six-month priority afforded in the Condominium Act, the lien was protected from modification due to the Anti-Modification Clause of the Bankruptcy Code. Id.

6. The District Court stated:

    a. "In short, the Condominium Act does not merely provide for the payment of six months of a condominium association's unpaid assessments prior to the payment of other liens. Instead, it ensures that result by elevating the collateral position of a portion of a duly-recorded lien on those unpaid assessments over certain other senior claims, such as the Mortgage in this case. Once recorded, the Lien created by the Master Deed became a single lien with dual priority. . ."  Id.

7. [A]s the Bankruptcy Court itself observed when determining whether the [l]ien was consensual or statutory, the Condominium Act did not create the [l]ien-it was created by the Master Deed."); (In re Smiley, 569 B.R. 377, 389 (Bankr. D.N.J. 2017)

8. Accordingly, if the association placed a consensual or statutory lien by virtue of a Master Deed or Declaration of Covenants, Conditions and Restrictions, then the debtor

will not be able to avoid the lien. <u>Id.</u>

WHEREFORE, this Creditor respectfully requests this Court to deny the debtor's request to avoid the lien to the extent the lien is statutory and/or consensual pursuant to *Rones*.

Date: April 30, 2019                                Law Office of Jimmy J. Song, LLC

                                                                      BY:

                                                                                  *s/Jimmy J. Song*
                                                                                   Jimmy Song, Esq.
                                                                                   600 Sylvan Avenue, Suite 400
                                                                                   Englewood Cliffs, NJ 07632
                                                                                  T: (551) 900-3181
                                                                                  F: (201) 242-7472